NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE CHRISTIAN VERDON, STEWES BOURBAN, AND GILLES DERRIEY,

---

2011-1602
(Serial No. 11/424,046)

---

Appeals from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

## ON MOTION

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Director of the United States Patent and Trademark Office (PTO) moves to waive the requirements of Fed. Cir. R. 27(f) and to remand for further proceedings. Christian Verdon et al. oppose remand and requests that this court reverse the decision of the Board of Patent Appeals and Interferences or allow this matter to be fully briefed and heard by a merits panel. Verdon moves to file a surreply in opposition to Director's reply.

The appellants applied for a patent covering a sealed case that involves edge-to-edge assembly of the glass on the case. For example, the edge-to-edge assembly can be used to improve the aesthetic appearance of a wristwatch. Claim 1, which is representative of the subject matter, covers in relevant part a "sealed case" compromising "a middle part having a shoulder having a given hue," a "back cover delimiting a compartment," and "a glass cover closing the compartment," wherein "the glass is bonded or welded art joint zones at least partially covering the shoulder of the middle part[.]"

The examiner rejected claims 1-12 and 14-24 as unpatentable for obviousness under 35 U.S.C. § 103 based upon two prior art patents, including EP 1 122 620 A1 and its U.S. equivalent U.S. Patent 7,167,689 (the Martin reference), which discloses a "crystal for radiotelephone watch" consisting of a case, a watch crystal mounted to the case by the use of a bezel, and a flexible electrical connector called a "zebra connector" used to connect conductive pads individually to printed circuits contained within the case. The examiner's explanation for his ruling was that the bezel and zebra connector disclosed the "middle part" claimed by Verdon. The Board affirmed the examiner's rejections.

The Director now concedes that "Martin's Zebra connector (31) is not part of the 'middle part' as claimed," and thus, "without element (31) satisfying the claimed requirements of a 'middle part" the sole rejection on appeal is not sustainable[.]" Although Verdon suggests that we should reverse the Board's decision, we deem it the better course to remand for the Board to reassess its obviousness analysis and its claim construction in light of the Director's concession of error.

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted. The appeal is remanded for further proceedings consistent with this order.

(2) Each side shall bear its own costs.

FOR THE COURT

__AUG 1 3 2012__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Raymond T. Chen, Esq.
      Joerg-Uwe Szipl, Esq.

s19

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**.AUG 1 3 2012**

**JAN HORBALY**
**CLERK**